FILED
2016 Jan-29  AM 08:07
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | | |
|---|---|---|
| BRIDGET BYRD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 7:14-cv-01537-TMP |
| | ) | |
| LENORA WILLIAMS, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION and ORDER

Pending before the court is a motion by plaintiff/counterclaim defendant Bridget Byrd to dismiss the counterclaims of defendants Samuel and Lenora Williams ("the Williamses"). (Doc. 57). The motion has been fully briefed, and the parties have consented to the exercise of dispositive jurisdiction by the undersigned. (Doc. 44). The plaintiff moves to dismiss the Williamses' counterclaims pursuant to Rule 12 of the Federal Rules of Civil Procedure.

Sadly, this case arises out of a tragic, intra-family dispute concerning the custody of a minor child. The plaintiff, mother of the child, has sued her own mother, Lenora Williams, who has in turn filed a counterclaim against her daughter. Such unfortunate family quarrels have been the fodder of literature since before Shakespeare.

1

# STANDARD OF REVIEW[1]

Before the Supreme Court decided <u>Bell Atlantic v. Twombly</u>, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007), a court could dismiss a pleading seeking relief[2] only where it was clear that no relief could be granted under any set of facts that could be proved consistent with the allegations," as set forth in <u>Conley v. Gibson</u>, 355 U.S. 41, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957). The well-established Rule 12(b)(6) standard set forth in <u>Conley</u> was expressly rejected in <u>Twombly</u> when the Supreme Court examined the sufficiency of a plaintiff's complaint and determined:

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests," *Conley v. Gibson*, 355 U.S. 41, 47, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957). While a complaint

---

[1] Despite styling the instant motion as a Motion to Dismiss, the plaintiff argues entitlement to dismissal and/or summary judgment regarding the defendants' counterclaims and sets out the standard of review for summary judgment rather than dismissal pursuant to Rule 12 of the Federal Rules of Civil Procedure. (Doc. 57, pp. 2-3). The plaintiff is not entitled to summary judgment because, as addressed herein, there remain genuine issues of material fact with regard to each of the counterclaims. Accordingly, to the extent the plaintiff intends the instant motion to be a Motion for Summary Judgment, the motion is due to be and hereby is DENIED.

[2] Although <u>Twombly</u> and <u>Iqbal</u> were decided in the context of analyzing motions to dismiss a complaint, the same pleading standards apply to counterclaims as well. The *ratio decidendi* of the Supreme Court's holding in <u>Twombly</u> was the language in Fed. R. Civ. P. 8(a) requiring a "pleading that states a claim for relief" to contain a short, plain statement "showing that the pleader is entitled to relief." From this phrase, the Supreme Court gleaned a requirement that such a pleading allege sufficient facts, not just "labels and conclusions," to show a "plausible" basis for relief. The rule itself does not limit its application only to complaints, but applies to all "pleading[s] that state a claim for relief," and this clearly includes counterclaims, as well as complaints. <u>Accord</u> <u>Fed. Home Loan Corp. v. Brooks</u>, 2014 WL 5410236 (N.D. Ala. Oct. 23, 2014) (analyzing counterclaim under <u>Twombly/Iqbal</u> pleading standard).

> attacked by a Rule 12(b)(6) motion to dismiss does not need detailed
> factual allegations, a plaintiff's obligation to provide the "grounds" of
> his "entitle[ment] to relief" requires more than labels and conclusions,
> and a formulaic recitation of the elements of a cause of action will not
> do.  Factual allegations must be enough to raise a right to relief above
> the speculative level.

550 U.S. at 555 (citations omitted).  The Court went on to criticize Conley, stating

that "[t]he 'no set of facts' language has been questioned, criticized, and explained

away long enough" by courts and commentators, and "is best forgotten as an

incomplete, negative gloss on an accepted pleading standard: once a claim has

been stated adequately, it may be supported by showing any set of facts consistent

with the allegations in the complaint."   Twombly, 550 U.S. at 562-63.    The

Supreme Court emphasized, however, that "we do not require heightened fact

pleading of specifics, but only enough facts to state a claim to relief that is

plausible on its face." 550 U.S. at 570.  The Supreme Court expanded on the

Twombly standard when it decided Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct.

1937, 1949–50, 173 L. Ed. 2d 868 (2009), reiterating the Twombly determination

that a claim is insufficiently pleaded if it offers only "labels and conclusions" or "a

formulaic recitation of the elements of a cause of action." Iqbal, 129 S. Ct. at 1949.

The Court further explained:

> Two working principles underlie our decision in *Twombly*. First, the
> tenet that a court must accept as true all of the allegations contained in

a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.... Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not "show[n]"—"that the pleader is entitled to relief."

Iqbal, 129 S. Ct. at 1949–50 (citation omitted).  See also Sinaltrainal v. Coca–Cola Co., 578 F.3d 1252 (11th Cir. 2009) ("The mere possibility the defendant acted unlawfully is insufficient to survive a motion to dismiss" and "the well-pled allegations must nudge the claim 'across the line from conceivable to plausible'" (quoting Iqbal and Twombly)).  Applying these standards, the court examines the merits of the plaintiff's motion to dismiss the Williamses' counterclaims.

## PROCEDURAL HISTORY

On August 8, 2014, Plaintiff Bridget Byrd filed in this court a complaint against Lenora Williams, Samuel Williams, and five other defendants.  (Doc. 1). Plaintiff Byrd is domiciled in Michigan, and all of the defendants are domiciled in Alabama.  (Id.)  Lenora and Samuel Williams are the only defendants at issue in

4

the current motion to dismiss counterclaims. (Doc. 57). On May 11, 2015, the Williamses, with leave from the court, filed an amended answer to the complaint in which they asserted four counterclaims against Byrd for recklessness, negligence, assault, and battery. (Doc. 52). The plaintiff filed the Motion to Dismiss Counterclaims on June 1, 2015. (Doc. 57). The Williamses responded to the motion on June 22, 2015. (Doc. 63).

## FACTS

The facts at issue are those surrounding the August 6, 2012, altercation between the plaintiff and the Williamses regarding the custody of minor child B.B., to whom the plaintiff is the biological mother and the Williamses are the maternal grandmother and step-grandfather. The facts recited here are those pleaded or adopted by the counterclaimants, the Williamses, and they are assumed to be true for purposes of assessing the sufficiency of their counterclaim.

In the summer of 2011, the Williamses picked up minor child B.B. and her younger brother from the plaintiff's home in Michigan for a summer visit. In July 2011, the plaintiff allowed her father and step-mother, Lamond and Gennie Byrd, to retrieve B.B. and B.B.'s brother from the Williamses' in Alabama and return them to Michigan to attend a funeral. The Williamses allowed B.B.'s brother to return to Michigan, but did not allow the plaintiff's father and step-mother to take

B.B., who remained in Alabama with the Williamses.  The events taking place between July 2011 and August 2012 are extensive and controverted, but those most relevant to the counterclaims, and therefore to the instant motion, occurred on August 6, 2012.

The parties arranged to have a meal together at a restaurant in Tuscaloosa, Alabama, on August 6, 2012, at which time the plaintiff, as well as her father and step-mother, could visit with B.B.  (Doc. 52, p. 14).  Defendant Lenora Williams asserts that, upon arrival at the restaurant parking lot, the plaintiff's father and step-mother took B.B. from Lenora Williams and shoved her into a car driven by the plaintiff.  (Id.)  Lenora Williams was injured in an attempted to stop the car from leaving.[3]  (Id.)  She was transported by ambulance to DCH Regional Medical Center in Tuscaloosa, where she received treatment.  The Williamses filed a complaint with the Tuscaloosa Police Department, claiming that B.B. had been unlawfully removed from the custody of Lenora Williams.

---

[3]  Exactly how the injury occurred is unclear.  The counterclaim itself does not describe what happened or how Lenora was injured, stating only that she was seriously injured attempting to prevent the car from leaving the restaurant parking lot.  In her opposition to the motion to dismiss (doc. 63), Mrs. Williams states that she was struck and "run[ ] over" by the car being driven by her daughter, plaintiff Byrd, while she was "standing in front of Byrd's vehicle…." (Doc. 63, p. 6).  Under Twombly and Iqbal, the facts constituting the claim for relief must be alleged in the pleading, consistent with Fed. R. Civ. P. 8(a), not in subsequent briefing.

## DISCUSSION

Although the Williamses title the counterclaims as being asserted on behalf of both of them (doc. 52, p. 12), there is no indication in the facts or in the counts themselves that any of the counterclaims actually apply to Samuel Williams.  The facts allege that "[d]efendant Lenora Williams was seriously injured attempting to stop the car from leaving the vicinity of the restaurant."   (Doc. 25, ¶ 11).  Furthermore, each count addresses only the injuries and damages suffered by Lenora Williams.   It is never alleged that the actions of the plaintiff damaged Samuel Williams in any way.[4]   Finally, the relief requested is an award to "Defendant Lenora Williams [of] damages in an amount sufficiently large to fully compensate her for all of the harm occasioned by the Plaintiff's conduct."  (Doc. 52, p. 17).  Accordingly, to the extent the Williamses intended to pursue any of the counterclaims on behalf of defendant Samuel Williams, the plaintiff's Motion to Dismiss Counterclaims (doc. 57) is GRANTED, and the counterclaim by Samuel Williams is DISMISSED.  Insofar as the counterclaims are brought on behalf of defendant Lenora Williams, the claims are addressed below.

---

[4]   The counterclaim does not allege that Samuel Williams was touched, struck, or otherwise injured.  It does not allege that he suffered a loss of consortium due to the injuries to his wife, Lenora.

Plaintiff Lenora Williams asserts four counterclaims against the plaintiff: I) Recklessness[5], II) Negligence, III) Assault, and IV) Battery.  The plaintiff argues that Counterclaims I and II are barred by the Alabama two-year statute of limitations and Counterclaims III and IV should be dismissed as meritless.  In the Motion to Dismiss and the Response, the parties discuss Counterclaims I and II together and Counterclaims III and IV together.  For purposes of clarity, the court will do the same.

### Counterclaims I & II – Wantonness and Negligence

Wantonness and negligence both are subject to a two-year statute of limitation under Alabama tort law.  Ala. Code § 6-2-38 (1975).  The events at issue took place in August of 2012, but the Williamses did not assert their claims against the plaintiff until May 2015.  Accordingly, had the Williamses asserted these claims in an independent action, the claims would be barred by the Alabama statute of limitations.  However, the Williamses did not assert the claims as an independent action.  Instead, the claims were asserted as counterclaims to the civil suit filed by the plaintiff on August 6, 2014.  The Williamses argue that the counterclaims arise from the same incident or occurrence at issue in the plaintiff's

---

[5]   Although Lenora Williams labeled her first counterclaim as "Recklessness," she acknowledges in the response to the Motion to Dismiss that the counterclaim actually sets out the elements of the Alabama tort of wantonness.  (Doc. 63, p. 3 n. 2).  The court must read the counterclaim for its substance, not simply the label attached to it.  Accordingly, the court hereinafter will address Counterclaim I as a claim of wantonness.

suit and, therefore, are compulsory counterclaims not subject to a statute of limitations argument.

"When the defendant pleads a counterclaim to the plaintiff's demand, to which the plaintiff replies the statute of limitations, the defendant is nevertheless entitled to his counterclaim, where it was a legal subsisting claim at the time the right of action accrued to the plaintiff on the claim in the action." Ala. Code § 6-8-84 (1975), *see* Romar Dev. Co., Inc. v. Gulf View Mgmt. Corp., 644 So. 2d 462 (Ala. 1994). The Federal Rules of Civil Procedure similarly define compulsory counterclaims, stating that a counterclaim is compulsory if it "(1) arises out of the same transaction or occurrence, and (2) does not require adding an additional party, who the court could not acquire jurisdiction over." Fed. R. Civ. P. 13(a). The Eleventh Circuit defined the "logical relationship" test as the method by which to determine whether a counterclaim is compulsory. Republic Health Corp. v. Lifemark Hosps. of Florida, 755 F.2d 1453 (11th Cir. 1985). A counterclaim is compulsory if there is a logical relationship between the complaint and the counterclaim. A logical relationship exits when "the same operative facts serve as the basis of both claims or the aggregate core of facts upon which the claim rests activates additional legal rights, otherwise dormant, in the defendant." Id. at 1455, citing Plant v. Blazer Financial Services, Inc., 598 F.2d 1357, 1361 (5th Cir. 1979).

The Complaint addresses the August 6, 2012, incident, stating that "[o]n August 6th [sic], 2012 Byrd picked up BB from Alabama and brought her back to Michigan.  However, Defendants L. Williams and S. Williams filed false charges in Alabama charging Byrd with Felonious Interference with Custody of BB." (Doc. 1, ¶ 33).  The same operative facts—the August 6, 2012 encounter between the Williamses and the plaintiff—are used to support allegations in the Complaint as well as the counterclaims.  A logical relationship exists between the Complaint and the counterclaims, and, accordingly, the counterclaims are compulsory and not subject to a statute of limitations argument.

The plaintiff argues that, even if the counterclaims are compulsory, it is prejudicial to allow Lenora Williams to assert counterclaims so long after the initial Answers were filed.  A counterclaim must be assessed when the answer is filed, because "[i]t would be inconsistent with the purposes of the [R]ule [13(a)] to permit a party to wait until after discovery and presentation of the evidence to determine whether he or she should assert a compulsory counterclaim."  Brooks v. Peoples Nat'l Bank of Huntsville, 414 So. 2d 917, 920 (Ala. 1982).  A party failing to assert a compulsory counterclaim is barred from doing so in the future, as the counterclaim has been waived.  Id.  However, both the Alabama Rules of Civil Procedure and the Federal Rules of Civil Procedure direct that parties be permitted

to amend pleadings "when justice requires."  Ala. R. Civ. P. 13(f); Fed. R. Civ. P. 15(a)(2).

The Williamses filed a Motion to Amend the Complaint and Assert Counterclaims on April 13, 2015.  (Doc. 45).  The motion noted that the Williamses were proceeding *pro se* until February 2015, at which time they retained representation by the University of Alabama School of Law Civil Law Clinic.  (Doc. 45, p. 2).  The court granted the motion on May 1, 2015, specifically allowing the plaintiff to file the instant Motion to Dismiss Counterclaims.  (Doc. 46).  Rule 13(f) of the Alabama Rules of Civil Procedure states that "[w]hen a pleader fails to set up a counterclaim through oversight, inadvertence, or excusable neglect, or when justice requires, the pleader may by leave of court set up the counterclaim by amendment."  The corresponding rule in the Federal Rules of Civil Procedure was abrogated by the 2009 amendments.  The Advisory Committee Notes regarding the deletion explained that the rule was deleted as redundant and, "[w]hen the court's leave is required [to amend a pleading], the reasons described in Rule 13(f) for permitting amendment of a pleading to add an omitted counterclaim sound different from the general amendment standard in Rule 15(a)(2), but seem to be administered—as they should be—according to the same standard directing that leave should be freely given when justice so requires."  Fed. R. Civ. P. 13 advisory committee's notes.  Rule 15(a)(2) of the Federal Rules

11

of Civil Procedure states that "[t]he court should freely give leave [to amend a pleading] when justice so requires."

Taking into consideration the fact that no substantial discovery has taken place in the instant case and that the Williamses—who do not claim to be attorneys or knowledgeable in the art of legal pleadings—were without legal representation at the time they filed their first Answers to the Complaint, the court concludes that justice requires the Williamses to be allowed to pursue compulsory counterclaims that otherwise would be lost to them.  Cf. Vulcan Marketing, Inc., v. Technical Consumer Products, Inc., 614 F. Supp. 2d 1253 (N.D. Ala. 2009) (holding that a represented party is not allowed to assert a counterclaim long after the deadline for amendment of pleadings and expert reports had passed, where expert testimony would be required to pursue the counterclaim.)  Accordingly, the Motion to Dismiss is DENIED as to the defendants' Counterclaims I and II, insofar as the counterclaims pertain to defendant Lenora Williams.

### *Counterclaims III & IV – Assault and Battery*

The plaintiff asserts that Counterclaims III (Assault) and IV (Battery), should be dismissed under Federal Rule of Civil Procedure 12(b)(6) because, according to the plaintiff, she is immune to civil liability under Alabama Code § 13A-3-23, which states, in pertinent part:

> (d) A person who uses force, including deadly physical force, as justified and permitted in this section is immune from criminal prosecution and civil action for the use of such force, unless the force was determined to be unlawful.

Ala. Code § 13A-3-23.  The plaintiff's argument under this code section is an affirmative defense and is inappropriate for a Rule 12(b)(6) motion.

For an affirmative defense to be considered in a Rule 12(b)(6) motion, the existence of the defense must appear "on the face of the complaint."  Davidson v. Maraj, 609 Fed. Appx. 994, 997 (11th Cir. 2015).  In general, an affirmative defense will not support dismissal.  Id.  "The claim may be adequately stated . . . but in addition to the claim the complaint may include matters of avoidance that preclude the pleader's ability to recover.  When this occurs, the complaint has a built-in defense and is essentially self-defeating."  Id., citing Quiller v. Barclays Am. & Credit, Inc., 727 F.2d 1067, 1069 (11th Cir. 1984).  It is established that the affirmative defense of *res judicata* may be considered in a 12(b)(6) motion because it appears on the face of the complaint.  *See* Concordia v. Bendekovic, 693 F.2d 1073 (11th Cir. 1982).  Similarly, the defense of statute of limitations appears on the face of the complaint and thus is considered in a Rule 12(b)(6) motion.  *See* Mann v. Adams Realty Co., 556 F.2d 288, 293 n. 6 (5th Cir. 1977).  Unlike the defenses above, Plaintiff's affirmative defense does not appear on the face of the

complaint.  As such, it is inappropriate to consider the defense in a Rule 12(b)(6) motion.

A claim is sufficiently pleaded for purposes of Rule 12(b)(6) if "the complaint succeeds in 'identifying facts that are suggestive enough to render [the element] plausible.'"  Watts v. Fla. Int'l Univ., 495 F.3d 1289, 1296 (Eleventh Cir. 2008), quoting Twombly, 127 S. Ct. at 1965.  A complaint alleging assault and battery must prove "(1) that the defendant touched the plaintiff; (2) that the defendant intended to touch the plaintiff; and (3) that the touching was conducted in a harmful or offensive manner."  Ex parte Atmore Cmty. Hosp., 719 So. 2d 1190, 1193 (Ala. 1998).  The defendants assert that the plaintiff operated the vehicle that struck Lenora Williams, causing serious injury.  (Doc. 52, pp. 15-17). The defendants further argue that the plaintiff was aware that Lenora Williams was in front of the vehicle and in harm's way.  (Id.)  The plaintiff knew or had reason to believe that Lenora Williams was near the car because B.B. had just been taken from her.  (Doc. 52, p. 14).  Lenora Williams was injured by the vehicle driven by the plaintiff and required medical treatment.  (Id. at 15-17).  Lenora Williams's injuries support the allegation that the plaintiff "touched" the defendant with the vehicle.  Furthermore, the fact that Lenora Williams was struck by the vehicle supports the allegation that the plaintiff intentionally struck her.  See United States v. Chiantese, 560 F.2d 1244, 1246-47 (5th Cir. 1977) (Intent can be presumed

"from the doing of the wrongful or fraudulent or illegal act.").[6]   These facts are sufficient to render the elements of assault and battery plausible.

To the extent the plaintiff intends to argue that her use of force against Lenora Williams was justified and that she is immune from civil action by §13A-3-23, the argument requires a factual analysis that is inappropriate for a motion to dismiss.  First, the plaintiff must show that she was justified in using physical force because she "reasonably believe[d]" that Lenora Williams was in the process of or about to commit a crime enumerated in subsection §13A-3-23(a).  Furthermore, the plaintiff's assertion is subject to argument by Lenora Williams that the plaintiff's use of force was not justified as defined in §13A-3-23(c).  The facts alleged in the counterclaim must be taken as true for purposes of analyzing the proposed defense. Under those facts, Byrd (and her aiders) was the clear aggressor, "snatching" the child from Lenora Williams' arms.   As such, plaintiff cannot claim to be the innocent victim of a crime by Williams for purposes of invoking the immunity. Any arguments in this regard are fact-intensive and are not properly before this court without more discovery.  Even then, there may remain material questions of fact that are appropriately determined only by a jury.

---

[6]   In <u>Bonner v. City of Prichard</u>, 661 F.2d 1206, 1207 (11th Cir. 1981)(*en banc*), the Eleventh Circuit Court of Appeals adopted as precedent decisions of the former Fifth Circuit rendered prior to October 1, 1981.

Because Lenora Williams's counterclaims of assault and battery are supported by factual allegations rendering her claims at least plausible, the plaintiff's Motion to Dismiss is DENIED as to Counts III and IV insofar as they pertain to defendant Lenora Williams.

## CONCLUSION

For the reasons stated above, it is ORDERED, ADJUDGED, and DECREED, that the Motion to Dismiss by Plaintiff Bridget Byrd (doc. 57) is due to be and hereby is **GRANTED** as to all counterclaims pleaded on behalf of Samuel Williams and **DENIED** as to all counterclaims pleaded on behalf of defendant Lenora Williams.

DONE this 28th day of January, 2016.

_____

T. MICHAEL PUTNAM
UNITED STATES MAGISTRATE JUDGE

16